Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6329 | **DATE** | 6/30/2004 |
| **CASE TITLE** | Lovelace vs. Beilke | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the defendant's motion for summary judgment is granted. All pending dates and motions are hereby stricken as moot. Terminating case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | 24 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| MW | courtroom deputy's initials | 2004 JUN 30 PM 6:31 Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EDWARD J. LOVELACE,           )
                              )
        Plaintiff,             )
                              )
    v.                         )   No. 03 C 6329
                              )
OFFICER T. BEILKE #417,        )
individually,                  )
                              )
        Defendant.             )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Todd Beilke's ("Beilke") motion for summary judgment. For the reasons stated below, we grant Beilke's motion for summary judgment.

## BACKGROUND

On December 11, 2001, Officer Jesus Garcia ("Garcia") and Officer Beilke of the University Park Police Department were on patrol in a marked squad car in University Park. Officer Garcia, who was driving the squad car, noticed a

1

landscaping truck with a license plate that had an expired sticker. Officer Garcia states that each year a registration sticker has a particular color and that based on the color of the sticker on the truck he realized that the license plate had expired. He then activated his emergency lights and initiated a traffic stop. The driver of the truck, Cloyd Ross, Jr. ("Ross"), an employee of Meranjil Landscaping, immediately pulled over.

Both officers then exited the squad car and approached the truck. Officer Garcia asked Ross for his driver's license and insurance card and explained to Ross that he was pulled over because the registration sticker on the licence plate on the truck was expired. Ross told Officer Garcia that he did not think the license plate was expired, that it was possible the current registration sticker was not placed onto the license plate, that the truck belonged to his boss, and that he was going to call his boss. Officer Garcia advised Ross that he would be issued a citation in the form of a compliance ticket. Officer Garcia then returned to the squad car with Officer Beilke.

After the officers returned to the squad car, Ross contacted Lovelace, who was his brother and President of Meranjil Landscaping, *via* a two-way radio and explained the situation to him. Lovelace instructed Ross not to sign the compliance ticket and informed him that he was on his way to the scene. While Ross was speaking to Lovelace on the radio, Officer Garcia and Officer Beilke checked the landscaping truck's license plate on a computer in the squad car and confirmed that the license plate was expired.

After the officers had re-confirmed that the licence plate was expired, they left the squad car and returned to Ross' truck. Officer Garcia then explained to Ross what a compliance ticket was and asked him to sign it. Signing a compliance ticket does not constitute an admission of guilt, but rather is used in lieu of posting a driver's license or cash. Ross indicated that he would not sign the compliance ticket and asked Officer Garcia to wait because he could see Lovelace driving towards the scene. Officer Garcia once again asked Ross to sign the compliance ticket, but Ross refused to sign the compliance ticket and stated that he was going to wait for Lovelace to come. Lovelace then drove up to the area of the traffic stop, parked his vehicle, and walked up to Ross' truck.

While Officer Garcia was still in the process of conducting the traffic stop, Lovelace repeatedly attempted to interfere with the process by interjecting statements. (P's Admissions to Def.'s Rule 56.1 ¶'s 31-41) It is undisputed that Lovelace was warned by Officer Beilke to return back to his truck or he would be arrested. However, Lovelace refused to obey Officer Beilke's order. Officer Beilke then advised Lovelace that he was under arrest and arrested him for obstruction.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the

3

moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

# DISCUSSION

## I. False Arrest

Lovelace alleges that his constitutional rights under Title 42 U.S.C. § 1983 were violated when Officer Beilke arrested him.

### A. Officer Beilke contends he had probable cause to arrest Lovelace for Obstruction

In reviewing a § 1983 claim, the court must determine if the officer had probable cause for the arrest. If a defendant officer can show probable cause, a § 1983 claim cannot succeed. *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998). In determining whether an officer had probable cause, the court must consider the facts and circumstances known to the officer at the time of the arrest. *Beauchamp v. City of Nobelsville*, 320 F.3d 733, 743 (7th Cir. 2003).

In this case, Lovelace first attempted to impede the traffic stop by instructing Ross not to sign the compliance ticket. Lovelace, cognizant that the police officers were conducting the traffic stop, physically interjected himself into the traffic stop. Specifically, Lovelace drove to the traffic stop, approached Ross' truck, and then proceeded to interrupt and disrupt the officers from issuing Ross a compliance ticket. Lovelace was fully aware and had admitted to the officers that the licence plates on the truck Ross was driving had expired. Therefore, the only reason Lovelace was there was to improperly influence the officers from issuing a citation. In addition,

Lovelace refused to leave the traffic stop and return to his truck after Officer Beilke ordered him to do so. An officer who is properly conducting a traffic stop, which is the case here, has every reason, including the safety of the officers, to order a third party to leave the area. It was Lovelace's attempt to influence and his actions in obstructing the performance of peace officers that resulted in his arrest. The court also notes that Lovelace's unsolicited appearance at the traffic stop delayed the two officers from continuing their patrol duties through University Park that day. An officer has no duty or obligation to engage in a conversation with a party that is not the subject of the traffic stop. The only person who was subject to the traffic stop was Ross for driving a truck that had expired licence plates. Lovelace's presence at the scene was to influence the officers in not issuing a citation and his actions and refusal to leave the area resulted in his arrest for obstruction. Therefore, we find that Officer Beilke had probable cause and that the arrest for obstruction was justified.

### B. Officer Beilke contends that even if probable cause did not exist, he is entitled to Qualified Immunity

Officer Beilke also contends that even if probable cause did not exist, his actions against Lovelace are protected by qualified immunity. Law enforcement officers are entitled to "qualified immunity for conduct performed within the scope of their official duties." *Dunn v. City of Elgin*, 347 F.3d 641, 648 (7th Cir.

2003)(quoting in part *Morrell v. Mock*, 270 F.3d 1090, 1094 (7th Cir.2001)). However, officers are not entitled to qualified immunity "if the plaintiff has shown a violation of h[is] constitutional rights, and . . . those constitutional rights were clearly established at the time of the violation, 'such that a reasonable official would understand that what he was doing violates those rights.'" *Id.*

In this case, Officer Beilke is entitled to qualified immunity inasmuch as the circumstances surrounding and pertaining to the arrest of Lovelace were clearly within the scope of Officer Beilke's official duties as a University Park Police Officer. Additionally, Lovelace has failed to prove that his constitutional rights in this action were violated. Officer Beilke's actions were reasonable and not violative of Lovelace's constitutional rights. Therefore, we find that Officer Beilke is entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, we grant Beilke's motion for summary judgment.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 30, 2004